UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:20CV-00183-JHM**

**JEREMY NEAL CASE**                                                            **PLAINTIFF**

**V.**

**LINDA WELCH**                                                                   **DEFENDANT**

**MEMORANDUM OPINION**

Defendant Linda Welch moved for summary judgment on Plaintiff's claims against her pursuant to Fed. R. Civ. P. 56. [DN 15]. The Court issued an Order for Plaintiff Jeremy Neal Case to respond to the pending motion within 30 days, and the Court warned Plaintiff "failure to comply with this Order will result in dismissal of the action." [DN 16]. Case has not filed a response, and the time to do so has passed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (cleaned up). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars

of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Case has failed to comply with a straightforward Order of this Court by failing to file a response to Welch's motion to dismiss, despite being warned that dismissal would occur without compliance, the Court will dismiss this action by separate Order.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Counsel of Record

March 29, 2022